IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ELMO ANTONIO GEORGE,<br>  #63238-019, | )<br>)<br>) | |
| Petitioner, | )<br>) | |
| v. | )<br>) | CIVIL ACTION NO. 2:14-CV-688-WKW<br>[WO] |
| DENNIS W. STAMPER, *et al.*, | )<br>) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner, Elmo George, an inmate confined at the Maxwell Federal Prison Camp, in Montgomery, Alabama, initiated this case as an application for writ of habeas corpus under 28 U.S.C. § 2241. The United States District Court for the Southern District of Florida convicted Petitioner on March 19, 2012, of conspiracy to defraud the Internal Revenue Service and sentenced him to 71 months imprisonment. The Eleventh Circuit Court of Appeals denied Petitioner's appeal on March 13, 2014. Petitioner has made no further attempt to challenge his sentence or conviction in any post-conviction proceeding. *Doc. No. 1* at 1.

A review of the § 2241 petition reflects Petitioner seeks to assert a challenge to the validity of his 2012 conviction entered against him by the United States District Court for the Southern District of Florida. He requests his immediate release or a hearing before this court on his habeas application. *Doc. No. 1* at 2.

## I. DISCUSSION

The claims Petitioner seeks to present in the petition go to the fundamental validity of his conviction and sentence.  The exclusive remedy for challenging the validity of a conviction or sentence imposed by a federal court, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(e).[1]  A petitioner may file a § 2241 petition under § 2255(e)'s savings clause where § 2255 is inadequate or ineffective to test the legality of his detention.

The "inadequate or ineffective" savings clause of § 2255(e) applies to a claim when (1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that the petitioner was convicted for a nonexistent offense; and (3) circuit law squarely foreclosed such a claim when it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.  *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).  The savings clause applies only if the petitioner has satisfied all three elements.  *Id*.

Petitioner does not meet the prerequisites to invoke application of the savings clause of § 2255(e), precluding any relief in a proceeding under § 2241.  His claims are not premised upon a Supreme Court decision issued after his conviction which the Court made

---

[1]   Section 2255(e) provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to ... section [2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of [the inmate's] detention*."  28 U.S.C. § 2255(e) (emphasis added).  The italicized language is known as the "savings clause."

retroactively applicable to such conviction.  Moreover, Petitioner has not been "convicted of any crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent."  *Wofford*, 177 F.3d at 1245.  Finally, pertinent federal law did not foreclose Petitioner from presenting the claims in his petition when the claims otherwise could and should have been raised.[2]

Because the primary means of collaterally attacking a federal conviction and sentence is through a motion under 28 U.S.C. § 2255, this case will be DISMISSED without prejudice.[3]

---

[2]Petitioner is advised a one-year period of limitation applies to motions filed under 28 U.S.C. § 2255.The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

[3]Section 2255 motions must be filed in the court imposing sentence.  Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts; *see Medberrry v. Crosby*, 351 F.3d 1049, 1056-57 (11th Cir. 2003) (explaining that § 2255 alleviated procedural difficulties "by directing prisoners to file the motion in the court where they were convicted").

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2241 be DISMISSED without prejudice as Petitioner has not demonstrated his entitlement to proceed under that section and this court lacks jurisdiction to hear a challenge to Petitioner's conviction and sentence under 28 U.S.C. § 2255.

It is further

ORDERED that **on or before August 19, 2014**, Petitioner may file an objection to the  Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Petitioner is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar a  party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the

– 4 –

close of business on September 30, 1981.

Done, this 4th day of August 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE